UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kenneth Richard Lindberg,                               Civil No. 06-4436 (JRT/FLN)

    Petitioner,

v.                                                                      **REPORT AND RECOMMENDATION**

United States of America, Internal Revenue Service,

    Respondent.

---

*Pro se* Petitioner.
John R. Monroe and Roylene Champeaux for Respondent.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on February 12, 2007, on Petitioner's motion to quash IRS summons directed at third parties [#5], Petitioner's motion to quash-attestment (7609) [##13, 15] and Petitioner's motion for enlargement of time and for a postponement of the hearing [#14].[1] The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends Petitioner's Motions be denied.

**I.     FINDINGS OF FACT**

Petitioner challenges an Internal Revenue Service ("IRS") summons issued under 26 U.S.C. §7602 to Accraply, Inc., for records and documents pertaining to Petitioner. In support of enforcement of the summons, Respondent offered two declarations from Revenue Agent Robert Teague. Agent Teague declared that he is conducting an investigation into the tax liability of

---

[1] Prior to hearing arguments on Petitioner's motions to quash, the undersigned heard arguments on Petitioner's motion for enlargement of time and for a postponement of the hearing [#14], which was **DENIED**.

Petitioner. Agent Teague also declared that the information sought from Accraply is not already in the possession of the IRS and necessary to determine Petitioner's tax liability. Agent Teague also states that Petitioner has not been referred to the Department of Justice for prosecution.

Agent Teague served an attested copy of an administrative summons to Accraply. Agent Teague also hand delivered notice of the summons and an unattested copy of the summons to Petitioner along with information relating to preparing a petition to quash the summons.

## II.     STANDARD OF REVIEW

A summons is enforceable if the IRS shows that (1) the investigation is pursuing a legitimate purpose, (2) the inquiry may be relevant to that purpose, (3) the information sought is not already in the possession of the IRS, and (4) the administrative steps required by the Internal Revenue Code have been followed. United States v. Powell, 379 U.S. 48, 57-58 (1964). "The Commissioner may establish a prima facie case for enforcement of a summons by a 'minimal showing of good faith compliance with summons requirements.' Such good faith can be demonstrated by the affidavit of an IRS agent." United States v. Norwood, 420 F.3d 888, 892 (8th Cir. 2005) (quoting United States v. Moon, 616 F.2d 1043, 1046 (8th Cir. 1980).

Once the United States has met its burden, "the taxpayer can rebut a prima facie case for enforcement under Powell by demonstrating that the requirements have not been satisfied, or by showing that enforcement of the summons would represent an abuse of the court's enforcement powers." Norwood, 420 F.3d at 893 (citing Moon, 616 F.2d at 1046). An abuse of process would exist if the summons is issued for an improper purpose, such as intimidation or harassment. Powell, 379 U.S. at 58. The burden on the Petitioner is "heavy" because the IRS must be able to effectively perform its duties. Norwood, 420 F.3d at 893.

**III.    LEGAL ANALYSIS**

The declaration of Agent Teague satisfies the first three prongs of the Powell test by establishing that the summon issued upon Accraply pursues a legitimate purpose, is relevant to the legitimate purpose, and seeks information that the IRS does not already possess. Petitioner argued that the summons is not pursuing a legitimate purpose, is not relevant to a legitimate purpose, and seeks information already in the possession of the IRS. The Petitioner has not presented evidence to meet his heavy burden of rebutting the declarations of Agent Teague.

The declaration of Agent Teague establishes that the administrative steps required by the Internal Revenue Code have been followed. These administrative steps include the service of notice, a copy of the summons, and information on quashing the summons. Additionally, Agent Teague confirmed that Petitioner has not been referred to the Department of Justice.

In attacking the summons on administrative compliance grounds, Petitioner raises the issue of whether the IRS is required to serve him with an attested copy of the summons under 26 U.S.C. §7609. Pursuant to section §7609, Petitioner must receive notice of the issuance of a third-party summons and a copy of the summons must accompany this notice. 26 U.S.C. §7609(a)(1). In order for notice to be sufficient, it must be served "in the manner provided in section 7603 (relating to service of summons) upon [Petitioner], or is mailed by certified or registered mail to the last known address of [Petitioner], or, in the absence of a last known address, is left with the [third-party]." 26 U.S.C. §7609(a)(2). Under section 7603, the summons issued to the third-party must be attested. Section 7603 also provides for various methods to serve the summons. 26 U.S.C. §7603.

The Petitioner relies upon <u>Mimick v. United States</u>, 952 F.2d 230 (8th Cir. 1991), for the proposition that section 7603 requires that an attested copy of the summons be served upon the

3

taxpayer who is the subject of the third-party summons. Petitioner's reading of Mimick is supported by the Ninth Circuit, which stated that the "[Eighth Circuit] held that an attested copy of a summons must be served on both the third-party recordkeeper and the taxpayer." Fortney v. United States, 59 F.3d 117, 120 (9th Cir. 1995).

Respondent argues Mimick is misinterpreted by both Petitioner and the Ninth Circuit. Respondent argues that the facts of Mimick only apply to whether the summons issued to the third-party must be attested. In support of its argument, Respondent cites the facts and holding in the District Court opinion and the fact that the Eighth Circuit never mentions section 7609 in its opinion, which was also observed by the Ninth Circuit in Fortney.

In Mimick, multiple summons were served, some directed to third-parties and some directed to the taxpayers. Mimick v. United States, Nos. CV 90-0-271, CV 90-0-456, 1991 WL 34445, at *1 (D. Neb. Jan. 23, 1991). In regard to the third-party summons, neither the copy of the summons issued to the third-party nor the copy of the summons given to the taxpayers were attested. Id. The District Court found "that service of an attested copy of the summons upon the person to whom the summons is directed is an administrative step which must be taken in order to obtain judicial enforcement of the summons." Id.

The undersigned agrees with Respondent that Mimick only requires an attested copy of the summons must only be served upon the third-party. In a case with identical facts to the current case, the United States District Court for the Southern District of Iowa observed that "[Petitioner] confuses the regulations regarding the *manner* of service, with *what* is to be served, upon the noticee." Roebuck v. United States, No. M-1-83, 1998 WL 205896, at *2 (S.D. Iowa March 31, 1998). Section 7609 only incorporates section 7603 in so far as it outlines methods of service.

Attestation relates to what is served, not how it is served. Therefore the attestation requirement of section 7603 does not apply to section 7609.

Respondent has established a prima facie case for enforcement of the summons. Petitioner raises many arguments, all of which fail to demonstrate that the Powell elements have not been satisfied or enforcement of the summons would be an abuse of process. Therefore, Petitioner's motions to quash the summons should be denied.

## IV.    RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner's motion to quash IRS summons directed at third parties [#5], Petitioner's motion to quash-attestment (7609) [##13, 15] and Petitioner's motion for enlargement of time and for a postponement of hearing [#14] be **DENIED**.


DATED: February 26, 2007                                  s/ *Franklin L. Noel*
                                                          FRANKLIN L. NOEL
                                                          United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **March 15, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **March 15, 2007** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.