**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| KENNETH RICHARD LINDBERG, | Civil No. 06-4436 (JRT/FLN) |
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE | |
| Respondent. | |

Kenneth Richard Lindberg, P.O. Box 1374, Maple Grove, MN 55311, *pro se* petitioner.

John R. Monroe, **UNITED STATES DEPARTMENT OF JUSTICE**, 555 Fourth Street NW, Suite 8921, Washington, DC 20001, for respondent.

On November 7, 2006, Kenneth Richard Lindberg filed a petition to quash a summons issued by the Internal Revenue Service ("IRS"). Petitioner has since filed a Motion To Quash IRS Summons Directed To Third Parties [Docket No. 5], two Motions To Quash-Attestment [Docket Nos. 13 & 15], and a Motion For Enlargement of Time [Docket No. 14]. In a Report and Recommendation dated February 27, 2007, Magistrate Judge Franklin L. Noel recommended that this Court deny petitioner's motions.[1] This matter is now before the Court on petitioner's objections to the Report and Recommendation. The Court conducted a *de novo* review of petitioner's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR

---

[1] Petitioner does not object to the Magistrate Judge's disposition of his motion for enlargement of time. The Court therefore denies the motion without further discussion.

72.2(b), and for the reasons set forth below, overrules petitioner's objections and adopts the Report and Recommendation.

## BACKGROUND

On October 18, 2006, Revenue Agent Robert Teague of the IRS issued an administrative summons to Accraply, Inc. After serving the summons, Agent Teague served a notice of the summons and an unattested copy of the summons to petitioner Kenneth Richard Lindberg, along with information on preparing a petition to quash the summons.

Petitioner challenges the IRS summons issued to Accraply. In support of enforcement of the summons, respondent offers two declarations from Agent Teague. Agent Teague declares that he has been investigating petitioner to determine his tax liability, and that the summons sought records and documents pertaining to petitioner that would aid in the agency's tax liability investigation. Agent Teague declares that the information sought from Accraply is not already in the possession of the IRS and is necessary to determine petitioner's tax liability. He further declares that petitioner has not been referred to the Department of Justice for prosecution.

## ANALYSIS

A summons is enforceable if the IRS shows that (1) the investigation is pursuing a legitimate purpose, (2) the inquiry may be relevant to that purpose, (3) the information sought is not already in the possession of the IRS, and (4) the administrative steps required by the Internal Revenue Code have been followed. *United States v. Powell*, 379 U.S. 48, 57-58 (1964). "The Commissioner may establish a prima facie case for enforcement of a summons

by a minimal showing of good faith compliance with summons requirements. Such good faith can be demonstrated by the affidavit of an IRS agent." *United States v. Norwood*, 420 F.3d 888, 892 (8th Cir. 2005) (internal citation and quotations omitted).

Once the United States has met its burden, "[t]he taxpayer can rebut a prima facie case for enforcement under *Powell* by demonstrating that the requirements have not been satisfied, or by showing that enforcement of the summons would represent an abuse of the court's enforcement powers." *Norwood*, 420 F.3d at 893. An abuse of process would exist if the summons is issued for an improper purpose such as intimidation or harassment. *Powell*, 379 U.S. at 58. The burden on the Petitioner is "heavy" because the IRS must be able to effectively perform its duties. *Norwood*, 420 F.3d at 893.

The Magistrate Judge concluded that respondent has satisfied all prongs of the *Powell* test. The Magistrate Judge reasoned that the declaration of Agent Teague satisfies the first three prongs by establishing that the summons issued upon Accraply pursues a legitimate purpose, is relevant to the legitimate purpose, and seeks information that the IRS does not already possess. *See Powell*, 379 U.S. at 57-58. The Magistrate Judge also concluded that the declaration of Agent Teague establishes that the required administrative steps have been followed. The administrative steps include the service of notice of summons, a copy of the summons, and information on quashing the summons. 26 U.S.C. § 7609.

In his motions to quash, petitioner argues that Agent Teague did not follow the required administrative steps because petitioner was served with an unattested copy of the summons. Petitioner relies upon *Mimick v. United States*, 952 F.2d 230 (8th Cir. 1991), and argues that an attested copy of the summons must be served upon the taxpayer who is the subject of the

third-party summons. The Magistrate Judge concluded petitioner misinterpreted *Mimick*, and that *Mimick* requires that the copy of the summons served upon the third-party be attested but does not require that the copy served upon petitioner be attested. The Court agrees with the well-reasoned conclusion in the Report and Recommendation. *See Roebuck v. United States*, 1998 WL 205896, at *2 (S.D. Iowa March 31, 1998).

In his objection, petitioner raises new arguments in support of his motions to quash. Petitioner first contends that Agent Teague lacks authority to issue the summons. This argument is without merit. Courts consistently have recognized that IRS officers have the delegated authority to issue administrative summonses. *United States v. Crum*, 288 F.3d 332, 334 (7th Cir. 2002).

Petitioner next argues that Agent Teague committed fraud and perjury, and that his declaration cannot therefore be used to show that respondent has satisfied the first three prongs of the *Powell* test. Although there were multiple errors in the first declaration submitted to the Court, Agent Teague corrected the errors in his supplemental declaration. These errors did not affect the validity of the summons, and do not provide evidence that Agent Teague was trying to mislead the Court. The affidavits submitted by petitioner do not provide any evidence to the contrary. The Court agrees with the Magistrate Judge that petitioner's accusations of fraud and perjury are unfounded. Petitioner has therefore failed to meet his heavy burden of rebutting the declarations of Agent Teague.

Finally, petitioner argues that the summons must be quashed because the IRS has plans

to use the information in a criminal proceeding.[2] The declaration of Agent Teague states that the case has not been referred to the United States Department of Justice, which is all the law requires. *See* 26 U.S.C. § 7602(d).

Accordingly, the Court adopts the Report and Recommendation of the Magistrate Judge and denies petitioner's motions.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket No. 28] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 25]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's Motion To Quash IRS Summons Directed To Third Parties [Docket No. 5] is **DENIED**.

2. Petitioner's Motion To Quash-Attestment [Docket Nos. 13 and 15] is **DENIED**.

3. Petitioner's Motion for Enlargement Of Time [Docket No. 14] is **DENIED**.

DATED: May 30, 2007             s/ John R. Tunheim
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
           United States District Judge

---

[2] Petitioner also argues that he needs discovery to prove that the IRS issued the summons for an inappropriate purpose. Because there is no motion for discovery before the Court, the Court will not address this issue.